UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIRIAM BLANK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2376 |
| | § | |
| JACK NUSZEN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

**I.**

Before the Court are motions to dismiss filed by defendants, Ricardo Lazaro Ramos, Esq., Ricardo L. Ramos PLLC; Golda R. Jacob, Esq.; Golda R. Jacob & Associates, P.C. [DE# 11]; Charley Prine and Jim York, judicial officers of the 246th District Court of Harris County [DE# 7]; Norma Willcockson, Melvin Willcockson, and Guardians of Hope [DE#10] and Carel Stith [DE# 14]. In addition to the heretofore identified defendants, the plaintiff, Miriam Blank, also named John and Jane Does 1-100 as defendants. The Court conducted a hearing in open court concerning this case on December 18, 2017, because of the Court's concerns regarding the propriety of the asserted claims. After a careful review of the claims and the historical setting, the Court is of the opinion that the suit is frivolous and should be dismissed.

**II.**

The plaintiff asserts that her federal Constitutional rights under the 14th Amendment were violated by the defendants. She makes allegations of criminal conduct

on the part of the judicial officers and others and asserts that all defendants engaged in a conspiracy against her. The Court is of the opinion that this suit is simply a collateral attack against the findings of facts, conclusions of law and final judgment entered in the plaintiff's divorce proceedings. The plaintiff's complaints arise from that proceeding. She contends that she has been refused parenting time with her children in violation of the 14th Amendment to the federal Constitution. An Order, modifying the parent-child relationship between the two parents, was entered on November 20, 2013. *See In the Interest of Gabrielle Nuszen, Hannah Nuszen, Kayla Nuszen, Daphna Nuszen and Zipporah Nuszen,* [Cause No. 2008-5145, 246th Judicial District Court of Harris County, Texas].

### III.

The plaintiff's suit is dismissed for a plethora of reasons: (a) *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (judicial immunity because of the exercise of judicial duties); (b) (federal Court interference in matters that are pending in state court), *Younger v. Harris*, 401 U.S. 37 (1971); and (c) *Daniels v. Stovall,* 660 F.Supp. 301, 304 (S. D. Tex. 1987) (the domestic relations abstention doctrine).

To survive a motion to dismiss brought pursuant to FRCP, Rules 12(b)(1) or (6) a plaintiff must plead facts sufficient to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff has failed to state facts that overcome judicial immunity, the *Younger* abstention doctrine, or the domestic relations abstention doctrine. Therefore, the defendants' motion to dismiss should be

granted dismissing the plaintiff's case entirely. The defendants' motion for attorney's fees is denied.

It is ORDERED that the plaintiff's cause of action is DISMISSED with Prejudice to refiling.

It is so ORDERED.

SIGNED on this 26th day of January, 2018.

_____
Kenneth M. Hoyt
United States District Judge